---

RYLAND H. MACDONALD, APPELLANT, v. MARY E. WOODBURY, EXECUTRIX, ETC., RESPONDENT.

*Evidence — deposition of a party taken before the trial — when it may be read in evidence after the death of the adverse party — Code of Civil Procedure, sec. 829.*

After issue had been joined in this action the depositions of the plaintiff and defendant were taken under a stipulation signed by their attorneys, providing among other things that such depositions might be read upon the trial. The plaintiff was cross-examined by the defendant's counsel in the defendant's presence. The defendant died before the trial and his executrix was substituted in his stead.

*Held,* that the deposition of the plaintiff should have been received in evidence, when offered by him upon the trial, although it related to personal transactions had with the deceased.

*Rice* v. *Motley* (24 Hun, 143) followed.

APPEAL from a judgment dismissing the complaint, entered upon a nonsuit directed at the circuit.

*Edward C. Graves,* for the appellant.

*Reuben H. Underhill,* for the respondent.

BRADY, J.:

It appears that this action was originally against Henry Woodbury, who died during its pendency. It also appears that after issue was joined the depositions of the plaintiff and of Mr. Woodbury were both taken under a stipulation between the respective attorneys. The examination of the plaintiff was conducted in the nature of a cross-examination by Mr. Underhill, the defendant's counsel, the defendant being personally present. A similar examination of the defendant was also taken and was signed, acknowledged and sworn to before a justice of this court. The defendant died and his executrix was substituted as defendant.

Upon the trial the plaintiff, being disqualified from testifying concerning his personal dealings with the deceased, offered in evidence his deposition which was taken as already mentioned, which was excluded by the court. He then offered the deposition of the defendant, although it was against his interest, which was received and read to the jury, after which the plaintiff's deposition was again offered and excluded. The complaint was then dismissed upon the ground that the plaintiff had not offered to carry out the contract on which his claim rests, and which seems to have been an essential prerequisite, and as to which there was testimony contained in his deposition. The question presented on this appeal therefore, and indeed the only question presented, is whether the plaintiff's deposition should have been admitted and read to the jury under the circumstances. The precise question has been decided by the General Term of the Second Department in favor of the plaintiff in the case of *Rice* v. *Motley* (24 Hun, 143). Although, perhaps, there may be some room to doubt the accuracy of this decision, yet, nevertheless, we think the reasoning by which it is sustained is such as to justify us in concurring.

The examination of the plaintiff, as we have seen, took place in the presence of the defendant, and the cross-examination was con-

ducted also in his presence, and the defendant had an opportunity to respond upon his examination to all the statements made by the plaintiff either upon direct or cross-examination, which it must be supposed he did; and thus the respective parties perpetuated their statements in writing and in a formal way. In addition to the provisions of the Code relating to the subject we have in this case an express stipulation that these depositions, either or both, might be read upon the trial; and substantial justice would seem to require that the stipulation should be enforced, inasmuch as the plaintiff by the death of the defendant is prevented from giving evidence which is essential to the maintenance of his action, and as to which the deposition is sufficient, and as to which the defendant's evidence is also before this court.

The judgment should therefore be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.